## UNITED STATES DISTRICT COURT

**C.A.No.: 2012:12085**

**STERGIOS PAPADOPOULOS,**
     **Plaintiff,**

**v.**

**LNV CORPORATION and AVELO
MORTGAGE, LLC, ORLANS MORAN,
PLLC**
     **Defendants**

## STERGIOS PAPADOPULOS MEMORANDUM OF LAW IN SUPPORT OF HIS 28 U.S.C. 1447 MOTION TO REMAND THESE PROCEEDINGS BACK TO STATE COURT

### INTRODUCTION

This case must be remanded. As repeated decisions in this Circuit, and welsewhere demonstrate, a limited liability company is a citizen, for diversity purposes, wherever any one of its members resides. Julie Taylor Moran, Esq., is a member of Orlans | Moran, PLLC, and resides in Massachusetts. Since there is incomplete diversity, this case must be remanded, and the costs and fees associated with this Motion must be awarded to Mr. Papadopulos. Moreover, Avelo Mortgage, LLC, which was properly served, has not assented to removal, and the Plaintiff has filed no pleadings other than this Motion.

     The underlying cause in this case seeks to enjoin a foreclosure sale at Stergios Papadopulos' home at 8 Olde Berry Road in Andover, Essex County Massachusetts (herein the "Property")  and the reformation of his mortgage, because the Defendant, LNV Corporation has violated the Consumer Protection Act in foreclosing on a mortgage that it knew to be predatory. The Plaintiff further seeks damages from Orlans | Moran, PLLC, or, in the alternative, LNV Corporation, because Orlans | Moran, PLLC filed an action to collect a debt in the Massachusetts Land Court when it knew, or should have known, that LNV Corporation was not registered to do business in Massachusetts, and therefore was

1

not entitled to make use of the Courts of the Commonwealth (LNV Corporation was compelled to

register by Massachusetts Land Court per the Order of Judge Schier

FACTS

As more fully set forth in the Affidavit of Jonas Jacobson, the Defendant Orlans Moran, PLLC, is a

Michigan limited liability company, with a "principal place of business," in Boston Massachusetts, see

Affidavit at ¶ 9. The "Managing Partner of the law firm," Julie Taylor Moran, lives in Massachusetts,

see Affidavit at ¶¶ 5,6. On information and belief, Julie Taylor Moran has never been licensed to

practice law in Michigan, the putative "nerve" center, and state of "incorporation" of Orlans | Moran,

PLLC, see Affidavit at ¶ 8. However, Ms. Moran is licensed to practice law in Massachusetts, see

Affidavit at ¶ 7. Ms. Moran, sued personally in her capacity as a member of Orlans | Moran, PLLC, and

defended in that lawsuit by an associate at Orlans | Moran, PLLC, has stated by Motion, and a Court of

law has found, that Ms. Moran is a "member" of Orlans | Moran, PLLC, see Affidavit at ¶ 10.[1]

Defendant Avelo Mortgage, LLC, was served, by and through its registered agent, but has not

answered the Complaint, and by the admission of the Defendant LNV Corporation, has not yet made an

appearance in this case.

The Plaintiff has taken no action in this case to waive his right to remand.

ARGUMENT

**(1). Because Julie Taylor Moran, Esq., Resides in Massachusetts, Along with the Plaintiff, There is no Federal Diversity Jurisdiction in This Case, Because a Limited Liability Company Resides Wherever Its Membership Resides.**

Counsel appears to have assumed that a limited liability company is treated like a corporation and thus

is a citizen of its state of organization and its principal place of business. That is not right.

Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general

and limited partner. See Carden v. Arkoma Associates, 494 U.S. 185, 110 (1990). Limited liability

---

1   The Court in that case dismissed all claims against all parties filed by *pro se* Plaintiff, Lesa Nash.

companies are citizens of every state of which any member is a citizen.    See <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729 (7th Cir.1998). The law on this point is the same in the First Circuit, see <u>Pramco, LLC v. San Juan Bay Marina</u>, 435 F.3d 51, 54-55 (1ˢᵗ Cir. 2006). (Accord: <u>Connectu LLC v. Zuckerberg</u>, 522 F.3d 82, 91 (1st Cir. 2008). Indeed, the point is so obvious, at this point, that when counsel for a limited liability company failed to disclose the jurisdictional defect, the Seventh Circuit, ordering remand, required counsel for both sides to perform "without additional fees," the resulting proceedings in the State Court, see <u>Belleville Catering, Co. v. Champaign Marketplace, LLC</u>, 350 F.3d 691, 692 (7ᵗʰ Cir. 2003) (Easterbook, J.).

Incidentally, the law is also the same in the Sixth Circuit, where the Defendant has alleged Orlans | Moran, PLLC to reside, "a limited liability company is not treated as a corporation and has the citizenship of its members," <u>Homfeld II, L.L.C. v. Comair Holdings, Inc</u>., 53 Fed. Appx. 731, 732 (6th Cir. Mich. 2002).

Although Orlans | Moran, PLLC, has assented to removal in this case, the assent of a party defendant to Federal Jurisdiction is irrelevant. "It is [...] well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived, " see <u>Chicago, B. & Q. R. Co. v. Willard</u>, 220 U.S. 413, 420-421 (U.S. 1911)

It is worth noting, that, in any case, Julie Taylor Moran, Esq., by sworn affidavit, stated that the "principal place of  business," of Orlans | Moran, PLLC, was located in Boston, Massachusetts, see Affidavit <u>at</u> ¶ 9. Of this there is little question. As such, even assuming a mistake by counsel in construing the applicable standard governing the diversity "citizenship" of a limited liability company, the removal of this case would still, the Defendant could not have had an objectively reasonable basis for seeking removal, see 28 U.S.C. 1332(c)(1).

3

Accordingly, this case muse be REMANDED, because there is incomplete diversity of citizenship between the Parties.

**(2). Avelo Mortgage, LLC Has Been Served, and Has Not Been Defaulted, and the Defendant, LNV Corporation Has Failed to Explain Why Avelo Mortgage, LLC Has Not Assented to Removal**

When determining whether to remand a case to the State Court, the Remand Statute (28 U.S.C. 1447) "must be strictly construed and any doubt concerning federal jurisdiction must be resolved in favor of state court jurisdiction," Am. Bldgs. Co. v. Varicon, Inc., 616 F. Supp. 641, 643 (D. Mass. 1985).

In seeking removal, a removing defendant has an affirmative obligation to obtain the assent to removal of every Defendant involved in the State Court litigation, see 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action").

Plaintiff's counsel, after a diligent search, has been unable to locate controlling authority from the First Circuit on this point which elucidates, with maximum clarity, the strictness of this requirement. However, persuasive authority from other jurisdictions makes plain that the consent requirement is "strictly construed," against the removing party.

"Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction," Harris v. Pacificare Life & Health Ins. Co., 514 F. Supp. 2d 1280, 1286 (M.D. Ala. 2007); citing: GMFS, L.L.C. v. Bounds, 275 F. Supp.2d 1350, 1354 (S.D. Ala. 2003); Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F. Supp.2d 1257, 1262 n.8 (M.D. Ala. 2002) (Albritton, J.) (noting that there are three exceptions to the unanimity rule, the first being when, "a co-defendant has not been served at the time the removal petition was filed"). The unanimity rule, however, is not violated when the alleged offender of the rule has not been served at the time the removal petition is filed: "a defendant that has not been served with process need not join in or consent

to removal," see Harris, supra.

In *this* case, it is important to note that Avelo Mortgage, LLC has been served with all of the papers served upon LNV Corporation at or around the time LNV Corporation was served (both defendants employ CT Corporation as their registered agent here in Massachusetts). Thirty days have not passed since the Notice of Removal was filed in the State Court, and this procedural defect has not been waived *c.f.* Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 128 (D. Mass. 2009) citing Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, etc., 427 F.2d 325, 326 (5th Cir. Ala. 1970) (remanding, on interlocutory motion for a determination on the indispensability of a party served, whose consent was required for removal, but not obtained).

"The verified petition for removal must state the facts entitling petitioner to remove and where the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why," P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 548 (7th Cir. Ill. 1968).[2]

LNV Corporation has not indicated why it has failed to reach out to Avelo Mortgage, LLC to see whether it would consent to removal in this case; although it does acknowledge that Avelo Mortgage, LLC has been served with process. It is worth noting that, although the Plaintiff's claims against Avelo Mortgage, LLC, are to some degree bound up with the Plaintiff's foreclosure on a predatory loan claims against LNV Corporation, Avelo Mortgage, LLC does not presently hold the Plaintiff's note and mortgage, and has little stake in whether a foreclosure is allowed to take place, or not. The Court, therefore, should not be shocked that it has ignored the Essex Superior Court's Short

---

2   For reasons unclear, not present in the Certified Removal Record are: (1) the proofs of Service upon LNV Corporation, and (2) Avelo Mortgage, LLC, (3) the Affidavit of Todd Dyament, CPA, filed in Court on the first date of return on the Plaintiff's Motion for a Preliminary Injunction; (4) LNV Corporation and Orlans | Moran, PLLC's Opposition to the Plaintiff's Injunction Motion; (5) LNV Corporation's Opposition to the Plaintiff's Injunction Motion (apparently there was a snafu, internally, at LNV, which authorized Orlans | Moran, PLLC to handle its defense after Plaintiff's Counsel served Orlans, but then engaged Hinshaw and Culbertson, LLP, after service was made upon its registered agent; the original return on the Plaintiff's injunction motion was rescheduled to allow LNV time to decide what law firm would be representing it).

Order of Notice.

Nor can LNV Corporation reach out to Avelo Mortgage, LLC at this late date and obtain assent. The rule of unanimity is *strictly* construed, see <u>Murphy v. Newell Operating Co.</u>, 245 F. Supp. 2d 316, 317 (D. Mass. 2003) (remanding case to State Superior Court despite subsequent assent to jurisdiction of original defendant, whose assent was not obtained prior to removal).

Accordingly, because the Plaintiff has not waived this procedural defect, this case must be REMANDED, for LNV Corporation's failure to obtain the unanimous consent of all properly served party defendants.

**(3) Although, It Is Anticipated the Defendant Will Argue Fradulent Joinder, the Plaintiff's Claims Against These Defendants Are Meritorious, and Grounded in a State Court Judgment Already Obtained in Plaintiff's Favor..**

"The purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined. Thus, the focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case. The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one, *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. Tex. 2011). "To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." see <u>Id</u>.

Obviously, in this case, the only question is whether a cause of action exists against Orlans | Moran, PLLC, and Avelo Mortgage, LLC. There is not much question as to whether a cause exists against Avelo Mortgage, LLC, which brokered the Plaintiff's predatory mortgage.

The test for fraudulent joinder requires a showing by the Defendant seeking removal – by *clear and convincing evidence,* "that there is <u>no possibility</u> of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," see <u>Id</u>.

Fraudulent joinder of a non-diverse defendant requires that the fradulently joined defendant have, "no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, (1921) (describing the joinder of a defendant as a sham or device to prevent the exercise of the right of removal where plaintiff, according to the undisputed removal petition, knew that the person was not in any degree responsible for his injuries) see: Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001).

A joinder is a sham and fraudulent if it is "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant] see Wilson, 257 U.S. at 98; see also: Chesapeake & Ohio Ry. v. L.B. Cockrell, 232 U.S. 146, 153 (1914) (holding that a petition, which stated a good cause of action under state law, did not demonstrate a fraudulent device to prevent a removal unless it was "without any reasonable basis").

Fraudulent joinder occurs when a defendant against whom a plaintiff has no conceivable claim is named as a party to a lawsuit solely for the purpose of defeating federal jurisdiction. Five Star Quality Care, Inc. v. Sunrise Senior Living, Inc., 2009 U.S. Dist. LEXIS 43768 (D. Mass. May 22, 2009). The issue of fraudulent joinder "must be capable of summary determination and be proven with complete certainty," and, if there is doubt as to whether plaintiff has stated cause of action against the resident defendant, joinder is not fraudulent necessitating remand. Freedom v Muskogee Bridge Co., 466 F Supp 75 (1978, WD Okla). In order to be deemed a fraudulent joinder, there cannot be any reasonable ground of liability. Gillette v. Koss Construction Co., 149 F. Supp. 353 (W.D.Mo.1957).

This case is not analogous in any material way to Moore v. NovaStar Mortg., Inc., 2011 U.S. Dist. LEXIS 76953 (D. Mass. July 15, 2011).[3]

The claims in this case relate to the violations of various consumer protection related statutes

---

[3]"The sole claim alleged against this defendant is a breach of the covenant of good faith and fair dealing. [...]  Fatal to this claim is the absence of a contract between the parties." Unlike in this case, the Plaintiff in Moore had no hope of demonstrating a contract between himself and the law firm initiating foreclosure proceedings in that case.

and regulations. And the Plaintiff has already compelled the Defendant LNV Corporation to register to do business with the Massachusetts Secretary of State, see Affidavit of Counsel, Exhibit F. Surely, this Court cannot presume that the Plaintiff did as much as a volunteer.

Orlans | Moran, PLLC, as a debt collector, has an obligation to take only actions that can be, "legally taken," per Massachusetts State Regulation, see 940 C.M.R. 7.04(1)(b)(3). This obligation also applies to LNV Corporation, since the Massachusetts Debt Collection Statutes and Regulations are not cognates of the Federal "Fair Debt Collection Practices Act" (15 U.S.C. 1692a et seq.) which permits claims only against third party debt collectors. The Massachusetts Debt Collection Statute permits claims against the parties collecting, as well as the collectors they employ, see Massachusetts G.L. 93 § 49.

Accordingly, any lawsuit against either Orlans, or LNV, must include like claims against the other, since a question exists as to with whom the responsibility for the violations of State Statutes and Regulations lies, or whether it lies jointly and severally with both parties.

Of course, splitting the Plaintiff's debt collection claims allows responsibility for the State law violations to be cast - as aspersions - on the practices of, depending, Orlans | Moran, PLLC, or the LNV Corporation. It would be monstrously unfair, therefore, to compel the Plaintiff to litigate, in two different courts, the same claims, against either Defendant, when LNV Corporation could blame Orlans | Moran, PLLC ("relying on the advice of counsel!") and Orlans | Moran, PLLC could blame LNV Corporation ("not our fault LNV Corp. was disingenuous about its registration status") without the presence of the other party to shoulder its share of the blame.

Indeed, since the Plaintiff's case also involves allegations of violations of the Massachusetts Consumer Protection Act related to LNV Corporation's decision to foreclose on a predatory loan, his victory in the Massachusetts Land Court is palpable evidence of LNV Corporation's desire to foreclose as a business practice – without regard for Massachusetts State Law. To the extent Orlans | Moran,

8

PLLC helped further this nefarious agenda, there are related questions about the process it initiated in the Land Court. Indeed, there are questions as to whether initiating a foreclosure is, in and of itself a "legal process," requiring registration with the Secretary of State in Massachusetts.

Fraudulent joinder must be pellucid. Here, it isn't.

An example of fraudulent joinder includes where the Mass. Eye and Ear Infirmary attempted to defeat jurisdiction by joining the State's then Attorney General, Tom Reilly, to suit against a charitable foundation. The District Court ignored the State AG (for diversity purposes) explaining that: "[i]n MEEI's complaint, Reilly is mentioned in just two of the 36 paragraphs and MEEI does not allege that the Attorney General has caused, or threatened to cause, harm to it or that he owes it any duty. MEEI states simply that the Attorney General "has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets." That does not, on its face, state a cause of action and MEEI does not explain how it could obtain a judgment against Reilly on these facts, " Mass. Eye & Ear Infirmary v. Eugene B. Casey Found., 417 F. Supp. 2d 192, 194 (D. Mass. 2006). Or in Moore supra., where the Plaintiff's sole allegation against the fraudulently joined defendant relied on a presumptive contract that never existed.

In the within case, the Plaintiff has alleged a per se statutory violation, entitling him to his actual damages (in this case, at least the attorney's fees for the Motion to Dismiss c.f. M.F. Roach Co. v. Town of Provincetown, 355 Mass. 731 (1969) Plaintiff required to sue a third party for tortious act of another entitled to counsel fees). Moreover, both the regulations and the statutes cited in the complaint make actions taken contrary to the requirements therein violations of the Massachusetts Consumer Protection Act.

To deny the Plaintiff's Motion based on Fraudulent Joinder, this Court must show that there is "no reasonable basis ...[] to predict that the plaintiff might be able to recover against an in-state defendant." Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 208 (D.P.R. 2009). "All

contested factual issues and any doubt as to the propriety of the removal must be resolved in favor of remand." Id.

Because the Plaintiff bases his claims against Orlans | Moran, PLLC on a Land Court Judgment he won, which Judgment suggests that Orlans | Moran, PLLC did, in fact, initiate legal process without right, the cause must be REMANDED to the Essex Superior Court.

CONCLUSION

The Within Case must be remanded to the Essex Superior Court, because Avelo Mortgage, LLC has not assented to removal, and because the Plaintiff has a meritorious claim against the Defendant limited liability company, whose member, Julie Taylor Moran, resides in Massachusetts, together with the Plaintiff.


Respectfully Submitted
The Plaintiff
By his Attorney,


_____
Jonas A. Jacobson (BBO: 676581)
Law Offices of Jonas Jacobson
872 Massachusetts Ave., Unit 1-6
Cambridge, MA 02139
(p) 617.230.2779
(f) 617.849.5547
jonas@jonasjacobson.com