# UNITED STATES DISTRICT COURT

C.A.No.: 2012:12085

| |
|---|
| STERGIOS PAPADOPOULOS,<br>     Plaintiff,<br><br>v.<br><br>LNV CORPORATION and AVELO<br>MORTGAGE, LLC, ORLANS MORAN,<br>PLLC<br>     Defendants |

## STERGIOS PAPADOPULOS EMERGENCY MOTION TO STAY ALL PENDING MOTIONS UNTIL A RULING ON HIS MOTION TO REMAND THIS CASE TO STATE COURT

NOW COMES the Plaintiff, Stergios Papadopulos, and moves this Honorable Court to STAY all pending motions (including, specifically, the Defendant LNV Corporation's Motion to Dismiss, and the Defendant Orlans | Moran, PLLC's Motion to Dismiss) pending a ruling on the Plaintiff's Motion to Remand this case to State Court. As reasons therefore, the Plaintiff states as follows:

(1). The Plaintiff's Motion to Remand, if allowed, would rob this Court of Subject Matter Jurisdiction, and therefore nullify any ruling it made. This would in turn force the re-litigation of the same issues in the State Court, all to the damage of the Plaintiff, a consumer seeking relief against large, extremely well funded entities.

(2). The Plaintiff is likely to succeed on his Motion to Remand, based on settled law in this Circuit.

(3). The Defendant's only argument against remand is that the Plaintiff has fraudulently joined both Avelo Mortgage, LLC, and Orlans | Moran, PLLC. However, to make this showing the Defendant will need to demonstrate that, there is "no conceivable claim," against either Defendant, see Five Star Quality Care, Inc. v. Sunrise Senior Living, Inc.,

1

2009 U.S. Dist. LEXIS 43768 (D. Mass. May 22, 2009). This showing also must be capable of, "must be capable of summary determination and be proven with complete certainty," Freedom v Muskogee Bridge Co., 466 F Supp 75 (1978, WD Okla). The Defendant LNV Corporation cannot hope to make this showing, because the Defendant, Orlans | Moran, PLLC, clearly initiated legal proceedings without the authority to do so, as evidenced by a decision of the Massachusetts Land Court, in violation of Massachusetts State Debt Collection Regulations specifically cited in the Plaintiff's State Court complaint.

(4). The Defendant LNV Corporation bears statutory responsibility for the Plaintiff's attorney's fees, if this cause is remanded, and therefore would not be harmed by the allowance of this Motion, and would indeed be served by it.

(5). Allowing this Motion would save the Plaintiff from duplicative, and unnecessary opposition motions.

WHEREFORE, the Plaintiff, Stergios Papadopulos humbly requests this Honorable Court ALLOW this Motion to STAY all pending Motions, until it has ruled on the Plaintiff's Motion to Remand.

Respectfully Submitted
The Plaintiff
By his Attorney,

/S/ Jonas A. Jacobson
_____
Jonas A. Jacobson (BBO: 676581)
Law Offices of Jonas Jacobson
872 Massachusetts Ave., Unit 1-6
Cambridge, MA 02139
(p) 617.230.2779
(f) 617.849.5547
jonas@jonasjacobson.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served this document on all counsel of record via cm/ecf.

    /S/ Jonas A. Jacobson