# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

STERGIOS PAPADOPULOS,

    Plaintiffs,

v.

LNV CORPORATION, AVELO MORTGAGE, LLC, AND ORLANS MORAN PLLC

    Defendants.

CIVIL ACTION NO: 12-12085

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT, LNV CORPORATION'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

*Leave to File Granted on January 22, 2013 Pursuant to Judge Woodlock's Order*

Defendant, LNV Corporation ("LNV"), replies to the Plaintiff's Opposition to Defendant LNV Corporation's Motion to Dismiss and Plaintiff's Memorandum in Support of His Opposition to Defendant LNV Corporation's Motion to Dismiss[1] ("Opposition") as follows:

## INTRODUCTION

As set forth in detail in the Memorandum of Law in Support of Defendant, LNV Corporation's Motion to Dismiss Plaintiff's Verified Complaint ("Memorandum"), Plaintiff's Complaint fails to state a claim for which relief may be granted. All of Plaintiff's claims fail because the Loan was made on an investment property. Plaintiff's claim that the Property is not an investment property contradicts the representations in the loan application and the terms of the Mortgage that Plaintiff signed. The definition of a "high cost home mortgage loan" as defined by M.G.L. c. 183C or a predatory loan as defined by *Commonwealth v. Fremont Investment & Loan*, 452 Mass. 733, 739 (2008) involve a loan made on a primary residence and not made on an investment property like Plaintiff's Loan. In addition, the MDCA only applies to a person

---

[1] This Court should not consider Plaintiff's Opposition as it was not timely filed pursuant to Local Rule 5.4(D).

"who has incurred a debt primarily for personal, family or household purposes," unlike the Plaintiff who incurred the debt of the Loan for investment purposes. As such, Plaintiff fails to state a claim for violation of M.G.L. c. 183C, M.G.L. c. 93A or the MDCA as a matter of law.

Even if the Court reviews the grounds for the claims asserted, Plaintiff's claims still fail. Plaintiff's CPA's calculations are flawed because the CPA does not take into consideration the variable rate feature of the Loan and because the interest rate calculations provided for in Regulation Z are inapplicable making Plaintiff's contention that the Loan is predatory baseless. Moreover, LNV's actions do not rise to the level of a M.G.L. c. 93A violation as claimed by Plaintiff in the Opposition. Nor can the Plaintiff assert a new claim for breach of the duty of good faith and fair dealings in support of his M.G.L. c. 93A claim and Plaintiff's reliance on HAMP cases in support of this new claim is misplaced. Finally, LNV did not attempt to collect a debt in violation of the MDCA. Accordingly, Plaintiff's Complaint should be dismissed as a matter of law.

**ARGUMENT**

**I. ALL OF PLAINTIFF'S CLAIMS FAIL BECAUSE THE LOAN WAS NOT MADE ON THE PLAINTIFF'S PRIMARY RESIDENCE.**

As set forth in the Memorandum, Plaintiff's claims for violation of M.G.L. c. 183C, c. 93A and the MDCA fail because the Property is an investment property.[2] Plaintiff's Opposition erroneously claims that the Property is not an investment property because the Mortgage contains an "Occupancy" clause at paragraph 6 of the Mortgage. However, pursuant to Paragraph F of the 1-4 Family Rider incorporated into the Mortgage, "Section 6 concerning

---

[2] Because the Plaintiff's Loan was made on an investment property, the Court need not reach the Massachusetts Superior Court's analysis of the interest rate calculation under M.G.L. c. 183C set forth in *Doyle v. U.S. Bank National Association,* 26 Mass.L.Rptr. 202 (Mass.Super. 2009).

Borrower's occupancy of the Property is deleted." *See* Exhibit A attached to the Complaint. As such, per the terms of the parties' contract, there is no "Occupancy" clause in the Mortgage. In addition, the Settlement Statement and Loan Application attached to the Complaint identify Plaintiff's address at the time the Loan documents were executed as 119-121 Marblehead Street, North Andover, Massachusetts. *See* Exhibit G attached to the Complaint. Accordingly, the allegations in the Complaint and the exhibits attached to the Complaint do not support the Plaintiff's claim that the Property was his primary residence rather than an investment property.

To the extent the Plaintiff relies on new facts not asserted in the Complaint to argue that the Property is not an investment property because the "accountants who brokered" the Mortgage checked the box indicating that the Property was an investment property[3] and because the Plaintiff allegedly lived at the Property, Plaintiff apparently provided false information to the original lender, Avelo, and is in default of the Mortgage. Paragraph 8 of the Mortgage entitled "Borrower's Loan Application" states:

> Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the discretion of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

*See* Exhibit A attached to the Complaint. Moreover, "[i]n the absence of fraud, a person who signs a written agreement is bound by its terms regardless of whether the person has read or

---

[3] Plaintiff claims in the Opposition that he has been involved in litigation with the "accountants who brokered" the Mortgage since 2008. The undersigned counsel could not locate any lawsuits involving the Plaintiff, individually, other than this case by searching different spellings of his last name on the Massachusetts Superior Court online dockets and PACER. In addition, Plaintiff's counsel has not provided a copy of the complaint or the case information despite the undersigned's request.

3

understood those terms." *Silva v. OneWest Bank, FSB*, 27 Mass.L.Rptr. 61, *4 (Mass.Super. 2010) *citing Tiffany v. Sturbridge Camping Club, Inc.,* 32 Mass.App.Ct. 173, 175 n.5 (1992). Thus, the Plaintiff is bound by the Uniform Residential Loan Application, attached as Exhibit G to the Complaint which clearly provides that the Property was to be an investment property and cannot now claim that the Property is not an investment property in order to assert a violation of a statute only applicable to properties that involve a borrower's principal residence.

Based on the allegations presented in the exhibits attached to the Complaint, Plaintiff acknowledged and signed an application that he was refinancing the Loan in relation to an investment property.[4] "In the case of conflict between the pleading and the exhibit, the exhibit controls." *See Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 384 (9th Cir. 1953); *see also* Wright & Miller § 1357. Because the Loan documents indicate that the Property is an investment property, and M.G.L. c. 183C, the common law definition of a predatory loan as defined in *Commonwealth v. Fremont Investment & Loan*, 452 Mass. 733 (2008), and the MDCA all relate solely to primary residences, Plaintiff's loan does not violate Massachusetts statutory or common law. Furthermore, because the Loan is not predatory as defined by statute or by the *Fremont* case, any claim that LNV violated M.G.L. c. 93A by foreclosing on an allegedly predatory loan must fail. Therefore, the Plaintiff's Complaint should be dismissed as a matter of law.

## II. PLAINTIFF'S LOAN IS NOT PREDATORY.

---

[4] The fact that Plaintiff refinanced to pay his ex-wife is irrelevant to whether the Property is an investment property as it does not indicate Plaintiff's intended use of the property either as his primary residence or as an investment (rental) property.

Although the Court need not consider the merits of Plaintiff's claims because the property is an investment property, as set forth in the Memorandum, Plaintiff's Loan is not predatory as defined by M.G.L. c. 183C or the *Fremont* case. In his Opposition, Plaintiff erroneously claims that "[t]he issue here is how [Plaintiff's] long term interest rate is to be calculated."[5] *See* Opposition, page 4. Contrary to Plaintiff's claim, M.G.L. c. 183C and the *Fremont* case specifically define how the interest rate is calculated for determining whether the loan is predatory. *See* M.G.L. c. 183C, § 2 and *Commonwealth v. Fremont Investment & Loan*, 452 Mass. 733, 739 (2008). By calculating the interest rate pursuant to the definitions of predatory loans as set forth in M.G.L. c. 183C, § 2 and *Fremont,* 452 Mass. at 739, Plaintiff's Loan is not predatory. How the long term interest rate is calculated is irrelevant to whether Plaintiff's Loan is predatory.[6] Additionally, Plaintiff has not provided, and the undersigned counsel could not find, any statutory or case law support for the Plaintiff's proposition that the Loan is predatory because the Mortgage secured by an investment property contains a balloon payment and was to be amortized over forty (40) years. Plaintiff has failed to provide any further legal grounds to support his claim that the interest rate makes the Loan a predatory loan.

Furthermore, Plaintiff's calculation of the long term interest rate of the Loan is flawed. First, Regulation Z is inapplicable to the Plaintiff's Loan. Regulation Z "applies to each individual or business that offers or extends credit when …. the credit is primarily for personal,

---

[5] Plaintiff's Opposition urges this Court to operate as a "Court of Equity" (Opposition, page 5) but Plaintiff's claims for violation of M.G.L. c. 183C and c. 93A arise out of the Mortgage contract making Plaintiff's "Court of Equity" argument untenable. *See Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D.Mass. 2010).

[6] Plaintiff's counsel made a similar argument regarding calculation of an interest rate for a loan with a balloon payment in *Sulprizio v. MGC Mortgage, Inc. et al*, 2012 WL 904898 (D.Mass. 2012), Civil Action No: 11-12186-RWZ. Judge Zobel dismissed the case and specifically ruled that "[t]he mortgage in issue is not a "high cost home mortgage loan" as defined in Mass. Gen. Laws c. 183C because the annual percentage rate at consummation does not exceed by more than 8% the yield on the United States Treasuries." *Sulprizio*, at *1. Exactly the same in this case, the interest rate of Plaintiff's Loan at consummation does not exceed by more than eight percent the yield on the United States Treasuries. *See* Memorandum, Section I(A).

34317368v1 0940804

family or household purposes." 12 C.F.R. § 226.1. As set forth *supra*, Plaintiff's Loan was not for personal, family or household purposes but was obtained in relation to an investment property. In addition, any claim for violation of Regulation Z is barred by the one year statute of limitations. *See Smith v. A&B Sales Co., Inc.*, 479 F.Supp. 477, 479 (N.D. Ga. 1979). Because Regulation Z is inapplicable, any interest rate calculations set forth in Regulation Z are irrelevant.

Second, Plaintiff's CPA's interest calculation contradicts the terms of the Loan. Pursuant to the terms of the Adjustable Rate Rider incorporated into the Mortgage, the initial interest rate on Plaintiff's Loan was 9.150% and beginning on July 1, 2010, the interest rate on Plaintiff's Loan could change every six months. *See* Mortgage, Adjustable Rate Rider, ¶¶ A and 4(A), attached as Exhibit A to the Complaint. Plaintiff's CPA cannot calculate the interest rate for all payment periods for the Plaintiff's thirty (30) year Loan because the interest rate is variable. The finance charge or the interest to be paid on the Plaintiff's TIL Statement is an estimate based on the blended interest rate required by TILA. *See DiVittorio v. HSBC Bank, USA (In re DiVittorio)*, 670 F.3d 273, 291 (1st Cir. 2012). Plaintiff's CPA's calculation that the Plaintiff will pay $1,135,716.57 in interest over the life of the Loan by subtracting the amount financed ($376,000.00) from the total payments ($1,511,716.57) does not account for the variable rate feature of the Loan. As such, Plaintiff's CPA's calculation of the long term rate or the "fixed" rate based on estimated interest payments is inaccurate.

Because 1) the Loan does not fit the definition of a "high cost home mortgage loan" set forth in M.G.L. c. 183C or the definition of a predatory loan set forth in the *Fremont* case; 2) Regulation Z does not apply; and 3) Plaintiff's CPA's calculations are flawed, Plaintiff's Loan is

34317368v1 0940804

not predatory. As a result, Plaintiff's claims for violation of M.G.L. c. 183C and 93A should be dismissed as a matter of law.

## III. LNV DID NOT VIOLATE M.G.L. C. 93A.

Again, the Court need not consider the grounds for Plaintiff's 93A claim because the Property is an investment property. Regardless, as set forth in the Memorandum, Plaintiff's Complaint fails to state a claim that LNV violated M.G.L. c. 93A. In support of his M.G.L. c. 93A claim, Plaintiff claims in his Opposition that LNV engaged in unfair and deceptive acts and practices because: 1) Plaintiff's Loan is predatory, 2) Plaintiff applied for a loan modification and did not pursue other options available to him, 3) LNV began foreclosure proceedings without having standing to do so; and 4) LNV knew that Plaintiff's Loan was predatory.[7] *See* Opposition, page 9. These claims are either unsupported by the record or do not rise to the level of a 93A violation. To the extent the Court considers the Plaintiff's new claim asserted in the Opposition that LNV breached its duty of good faith and fair dealing, this claim also fails as a matter of law. LNV did not have a duty under any contract to consider the Plaintiff for a loan modification. Absent a duty to modify Plaintiff's loan, Plaintiff cannot state a claim for breach of a duty of good faith and fair dealing.

### A. Plaintiff's c. 93A Claims Asserted in the Complaint.

As set forth *supra*, Plaintiff's Loan is not predatory because it was made on an investment property and because it does not fit the definition of a predatory loan. Because Plaintiff's Loan is not predatory, LNV could not have knowledge that it was predatory. Therefore, Plaintiff's claims in the Opposition that LNV violated M.G.L. c. 93A because the Loan is predatory (1) and because LNV had knowledge that the Loan is predatory (4) fail as a

---

[7] Reasons 1, 2 and 4 do not involve any acts or practices by LNV.

7

matter of law. Plaintiff's claim that LNV engaged in unfair and deceptive acts because the Plaintiff applied for a loan modification and "did not pursue other options available to him" (3) contradicts the allegations in the Complaint. In the Complaint, the Plaintiff alleges that in an effort to stop the foreclosure sale he also submitted a short sale offer to Plaintiff.[8] *See* Complaint, ¶ 26. Based on Plaintiff's own allegations, even though he submitted a loan modification application to LNV, he pursued other options available to him to stop the foreclosure sale and, as a result, this allegation does not support Plaintiff's claim that LNV violated M.G.L. c. 93A.

Moreover, Plaintiff fails to state a claim that LNV violated M.G.L. c. 93A by filing a Servicemembers Complaint while the Plaintiff "was in the midst of applying for a loan modification" prior to registering to with the Massachusetts Secretary of State. First, the Plaintiff fails to allege that LNV had accepted the Plaintiff's loan modification application or agreed to review the Plaintiff for a loan modification. As such, it was not unfair and deceptive for LNV to file the Servicemembers Complaint while the Plaintiff "was in the midst of applying for a loan modification." Second, filing a Servicemembers Complaint is not "within at least the penumbra of some common law, statutory or other established concept of unfairness" and is not "immoral, unethical, oppressive or unscrupulous" to give rise to a violation of M.G.L. c. 93A. *See PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975), *quoting Federal Trade Comm. v. Speary & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972). Third, because the Plaintiff is not entitled to the benefits of the Servicemembers Civil Relief Act as evidenced by the Judgment entered on the Servicemembers Complaint, the Land Court should not have

---

[8] The short sale offer is attached as Exhibit 3 to Plaintiff Stergios Papdopoulos (sic) Memorandum in Support of a Preliminary Injunction. *See* Docket Entry No. 15.

8

considered Plaintiff's motion to dismiss. *HSBC Bank USA, N.A. v. Matt*, --- N.E.2d ---- (Mass. Jan. 14, 2013). Fourth, LNV registered with the Massachusetts Secretary of State before Judgment entered. Finally, Plaintiff has not alleged that LNV's failure to register with the Massachusetts Secretary of State prior to filing the Servicemembers Complaint caused him any damages. For these reasons, Plaintiff fails to state a claim that LNV violated M.G.L. c. 93A by filing a Servicemembers Complaint while the Plaintiff "was in the midst of applying for a loan modification" prior to registering to with the Massachusetts Secretary of State. Count I of the Complaint should be dismissed as a matter of law.

**B.     Plaintiff's New c. 93A Claim Asserted in the Opposition.**

Plaintiff's new claim in the Opposition that LNV breached its duty of good faith and fair dealing also fails as a matter of law. A court may not consider "materials not properly referenced" in the complaint when deciding a motion to dismiss. *The Roxbury/South End Tenants' Council, Inc. v. Cornerstone Corp.*, 573 F.Supp.2d 359, 367 (D.Mass. 2008). *See also McGrath v. MacDonald*, 853 F.Supp. 1, 2-3 (D.Mass. 1994) (allegations not in the complaint are "not an appropriate subject for consideration on a motion dismiss"). A complaint cannot be amended by unsworn briefing. *Surabian v. HSBC Bank USA,* 2012 WL 1035235, *2 (D.Mass. 2012). In this case, the Court should not consider the Plaintiff's claim that LNV breached the duty of good faith and fair dealing which has not been asserted in the Complaint.

Regardless, Plaintiff's citation to cases involving HAMP in support of his M.G.L. c. 93A claim based on an alleged breach of the duty of good faith and fair dealing is without merit. Plaintiff's Complaint is devoid of the terms Home Affordable Modification Program or HAMP. *See generally*, Complaint. Nor does the Plaintiff allege that LNV agreed to participate in the HAMP program. *Id.* Absent an agreement to participate in the HAMP program, LNV had no

9

34317368v1 0940804

duty to abide by the HAMP guidelines and stop a foreclosure sale after the Plaintiff submitted a loan modification application. *Silva v. OneWest Bank, FSB*, 27 Mass.L.Rptr. 61, *4 (Mass.Super. 2010). Therefore, LNV did not breach its alleged duty of good faith and fair dealing in violation of M.G.L. c. 93A by failing to modify the Plaintiff's Loan.

Plaintiff's reliance on cases relating to a Trial Period Plan or TPP agreement is similarly misplaced. Plaintiff fails to allege that he and LNV were parties to a TPP. *See generally,* Complaint. The only contract addressed in the Complaint to which the Plaintiff and LNV are a party is the Mortgage. *Id.* Plaintiff fails to allege that the Mortgage required LNV to consider the Plaintiff for a loan modification. *Id.* "Under Massachusetts case law, absent explicit provision in the mortgage contract, once a mortgagor defaults, there is no duty negotiate for a loan modification." *Okoye v. Bank of New York*, 2011 WL 3269686, *11 (D.Mass. 2011). The Complaint fails to state a claim that LNV breached its alleged duty of good faith and fair dealing in violation of M.G.L. c. 93A, and Count I of the Complaint should be dismissed as a matter of law.

## IV. LNV DID NOT ATTEMPT TO COLLECT A DEBT.

Even though the MDCA does not apply because the Plaintiff made the Loan on an investment property, Plaintiff's claim also fails because LNV did not attempt to collect a debt in violation of the MDCA. M.G.L. c. 93, § 49 states that "[n]o one who is a creditor … shall collect or attempt to collect such a debt in an unfair, deceptive or unreasonable manner." In considering whether a defendant attempted to collect a debt, Courts look at whether the attempt references a "preexisting financial obligation that Defendant sought to enforce." *See Baer v. Harmon Law Offices, P.C.*, 2009 WL 102698, *1 (D.Mass. 2009).

34317368v1 0940804

"[A] Servicemembers case, which, under the legislation implementing the Act of Congress in Massachusetts, has a limited scope and purpose and does not permit litigation of broader issues involving the relationship between borrower and lender." *Randle v. GMAC Mortgage, LLC*, 2010 WL 3984714, *6 (Mass.Land Ct. Oct. 12, 2010) *citing Beaton v. Land Court*, 367 Mass. 385, 390 (1975). Only those individuals entitled to the benefits of the Servicemembers Civil Relief Act may appear and be heard on the limited issue of the existence of that individual's rights under the Act. *Id. quoting Beaton* at 387-388.

The Notice pursuant to the Servicemembers Civil Relief Act and Complaint to Foreclose Mortgage filed in the Land Court are not "mortgage foreclosure proceedings" and "occur independently of the actual foreclosure itself." *Beaton v. Land Court*, 367 Mass. 385, 390 (1975). The purpose of the Servicemembers Civil Relief Act is to determine whether a party is entitled to the Act's benefits and is not a manner to enforce the mortgage. *Randle* at *8 n. 9. "The Servicemembers Act 'simply establishes procedures whereby mortgagees … can make certain that there will be no cloud on title following the foreclosure as a result of an interested party having been in, or just released from, military service and thus under the protective umbrella of the [Servicemembers Act].'" *Cicchelli v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 3805905, *4 (Mass.Land. Ct. Aug. 24, 2011) *quoting Beaton*, at 390. The Servicemembers case is not necessary, as a post-foreclosure quiet title action can make the same determination requested in the Servicemembers case – "that a title derived from a foreclosure sale is not defective for failure to give the protections of the Act to any persons entitled thereto." *GMAC Mortgage, LLC v. Reynolds*, 2010 WL 7746836, *1 (Mass.Land Ct. 2010).

In this case, the filing of the Servicemembers Complaint is not an attempt to collect a debt and, as a result, does not violate the MDCA. First and foremost, the Servicemembers

34317368v1 0940804

Complaint does not reference a debt owed. *See* Exhibit 1 attached to the Memorandum. In fact, there is no monetary amount identified in the Servicemembers Complaint. *Id.* Second, by filing the Servicemembers Complaint LNV did not seek to enforce a financial obligation. In fact, LNV could not have requested payment of a debt because a Servicemembers case is limited to determination of benefits under the Servicemembers Civil Relief Act, and broader issues, such as debt collection, cannot be heard. *See HSBC Bank USA, N.A. v. Matt*, --- N.E.2d ---- (Mass.Land Ct. Jan. 14, 2013). Rather, by filing the Servicemembers Complaint, LNV sought a declaration that the Plaintiff was not entitled to the benefits of the Servicemembers Civil Relief Act. *See* Exhibit 1 attached to the Memorandum.

The Servicemembers Complaint is unrelated to the enforcement of the Mortgage. LNV was not required to file the Servicemembers Complaint prior to the foreclosure sale. If LNV failed to obtain a judgment on a Servicemembers Complaint prior to the foreclosure sale and the failure to obtain a judgment created a cloud on the title of the Property, this can be remedied by filing a quiet title action after the foreclosure sale has been completed. *See HSBC Bank USA, N.A. v. Matt*, --- N.E.2d ---- (Mass.Land Ct. Jan. 14, 2013). Because filing the Servicemembers Complaint 1) does not reference a debt, 2) cannot be utilized to enforce a debt and 3) is unrelated to the enforcement of a debt as a matter of law, it is not an action to collect or attempt to collect a debt. Absent an action to collect a debt or attempt to collect a debt, the Plaintiff fails to state a claim for violation of the MDCA against LNV. Accordingly, Count III of the Complaint should be dismissed as a matter of law.

## CONCLUSION

WHEREFORE, for the reasons set forth, the Defendant, LNV Corporation, respectfully requests that this Honorable Court dismiss Plaintiff's Verified Complaint in its entirety with prejudice.

34317368v1 0940804

Respectfully submitted,

                    The Defendant,
                    **LNV Corporation,**
                    By Its Attorneys,


                    */s Jennifer S. Bunce*  _____
                    Maura K. McKelvey, BBO # 600760
                    Jennifer S. Bunce, BBO # 663348
                    Hinshaw & Culbertson LLP
                    28 State Street, 24th Floor
                    Boston, MA 02109-1775
                    Tel: (617) 213-7000 / Fax: (617) 213-7001
                    Email:  mmckelvey@hinshawlaw.com

Date:   January 22, 2013                                jbunce@hinshawlaw.com


## CERTIFICATE OF SERVICE

     I, Jennifer S. Bunce, hereby certify that this document filed through the ECF system will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered registrants on this 22nd day of January, 2013.


                    */s/ Jennifer S. Bunce*
                    Jennifer S. Bunce

34317368v1 0940804