UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERGIOS PAPADOPULOS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LNV CORPORATION, AVELO MORTGAGE, LLC, AND ORLANS MORAN PLLC<br><br>　　　　Defendants. | CIVIL ACTION NO: 12-12085 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, LNV CORPORATION'S MOTIONS TO STRIKE

　　　　Defendant, LNV Corporation ("LNV"), submits this Memorandum of Law in support of LNV's Motion to Strike Plaintiff's incorrectly titled Memorandum in Support of His Opposition to Defendnt (sic) Orlans Moran, PLLC's Motion to Dismiss relating to Plaintiff's opposition to LNV's Motion to Dismiss – Docket Entry No. 26 ("LNV Brief"), Plaintiff's Supplemental Memorandum in Support of His Motion to Remand, and for Leave to Amend His Complaint to Add Claims Against Avelo Mortgage, LLC in State Court – Docket Entry No. 37 ("Avelo Brief"), and Plaintiff's Motion to Reconsider the Dismissal of Orlans Moran, PLLC, and to Remand These Proceedings to State Court as well as Plaintiff's Memorandum in Support – Docket Entry Nos. 38 and 39 ("Orlans Brief"). In support of its Motions to Strike, LNV states:

## INTRODUCTION

　　　　Plaintiff's LNV Brief, Avelo Brief, and Orlans Brief should be stricken from the record because none of these briefs assist the Court in deciding Plaintiff's Motion to Remand or LNV's Motion to Dismiss. During the January 28, 2013 Scheduling Conference, this Court requested supplemental briefs from Plaintiff and LNV regarding 1) whether the Court could make a fraudulent joinder determination where Avelo Mortgage, LLC ("Avelo") had not appeared and

consented to removal, and if so on what procedural basis could the Court determine fraudulent joinder, and 2) whether Avelo's or LNV's knowledge of the Plaintiff's alleged occupancy of Property at a later date changed the M.G.L. c. 183C analysis. Rather than address the issues raised by the Court, Plaintiff's LNV Brief focuses on alleged loan modification negotiations which are not a part of the motion to dismiss record.[1] Plaintiff's Avelo Brief erroneously claims that removal is improper because he could assert a claim of unconscionability against Avelo. Plaintiff's Orlans Brief reiterates the Plaintiff's previous arguments that filing a Servicemembers Complaint is an attempt to collect a debt and that because the Plaintiff paid his ex-wife a small portion of the Loan proceeds that the Loan is covered by the MDCA. Plaintiff's reliance on *M.F. Roach Co. v. Town of Provincetown*, 355 Mass. 731 (1969) to argue that he is entitled to recover attorney's fees from Orlans Moran PLLC ("Orlans") is likewise misplaced. Because Plaintiff's LNV Brief, Avelo Brief and Orlans Brief fail to respond to the Court's specific inquiries or otherwise support Plaintiff's motion to remand and opposition to LNV's motion to dismiss, this Court should strike the briefs.

**ARGUMENT**

This Court should strike Plaintiff's LNV Brief, Avelo Brief and Orlans Brief. Only claims asserted in the Complaint at the time of removal may be considered on a motion to remand and, as a result, Plaintiff's new claim for unconscionability asserted in the Avelo Brief does not invalidate removal. In addition, Plaintiff's arguments in the Orlans Brief, that the Loan was obtained primarily for personal, family or household purposes or that Orlans attempted to collect a debt by filing a Servicemembers Complaint are without merit and do not establish that the Plaintiff has any possibility of asserting a claim against Orlans for purposes of fraudulent

---

[1] Plaintiff erroneously claims that "LNV has gone to great lengths to claim that the loan was commercial, commercial, commercial." LNV has argued that based on the Uniform Residential Loan Application signed by the Plaintiff that the Loan is secured by an investment property.

34330430v1 0940804

joinder.  Moreover, the new facts, exhibits and claim referenced in the LNV Brief, which are not referenced in the Complaint, cannot be considered by the Court in deciding LNV's motion to dismiss.  Finally, Plaintiff's LNV Brief and Avelo Brief were not timely filed and should not be considered.  For these reasons, the LNV Brief, Avelo Brief and Orlans Brief do not assist the Court and should be stricken.

I. **PLAINTIFF'S NEW UNCONSCIONABILITY CLAIM AGAINST AVELO DOES NOT SUPPORT REMANDING THE CASE AND THE AVELO BRIEF SHOULD BE STRICKEN.**

Plaintiff erroneously claims that removal was improper because he could amend his complaint to assert a claim of unconscionability against Avelo.  However, "[r]emoval jurisdiction is based on the claims in the state court complaint at the time of removal, and the plaintiff cannot manufacture jurisdiction by adding claims thereafter." *Foster v. Bank One Texas N.A.*, 54 Fed.Appx. 592, *1 (5th Cir. 2002) *citing Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  After removal based on fraudulent joinder, a plaintiff may not "amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." *Cavallini*, 44 F.3d at 265.  Whether a case is removable to federal court is determined "at the time the application for removal is made." *Crehore v. Ohio & M. Ry. Co.*, 131 U.S. 240, 244 (1889).  A federal court cannot decline jurisdiction "based on its predictions as to a plaintiff's likely course of action." *See Arrigo v. Scholarship Storage, Inc.*, 2011 WL 3584715, *6 (D. Mass. 2011).

In this case, the Plaintiff supplements his Motion to Remand by seeking "leave to amend his complaint to add claims against Avelo Mortgage, LLC in state court." *See* Avelo Brief 37, page 1.  Specifically, Plaintiff seeks to add a claim for unconscionability against Avelo. *Id.* at pages 3-5.  Because Plaintiff's Complaint does not contain a claim for unconscionability against Avelo, any attempts by Plaintiff to amend the Complaint cannot be relied upon to destroy

3

this Court's jurisdiction over the case. As Plaintiff argues, this Court should decide his Motion to Remand before ruling on any other motions. Thus, Plaintiff's motion seeking leave to file a claim of unconscionability is not presently before this Court and Plaintiff's alleged claim of unconscionability is irrelevant to the Court's decision on Plaintiff's Motion to Remand. Therefore, Plaintiff's Avelo Brief does not assist the Court in deciding the Motion to Remand and should be stricken.

Moreover, Plaintiff fails to state a claim of unconscionability against Avelo. Plaintiff's allegation that Avelo "took advantage of what was probably divorce related distress to sell him an extremely expensive loan product" on pure speculation without any foundation in fact. Additionally, the Plaintiff has not alleged that the circumstances surrounding the formation of the contract show that the aggrieved party had no meaningful choice and was subject to unfair surprise, a required element of an unconscionability claim. *See Dimare v. Ameriquest Mortgage Co.*, 2008 WL 4853382, *7 (Bankr. D. Mass. 2008) *citing In re Sullivan*, 346 B.R. 4, 26 (D. Mass. 2006). Based on this, Plaintiff's Avelo Brief has no basis in law or fact to support his Motion for Remand. Accordingly, this Court should strike the Avelo Brief.

**II. PLAINTIFF'S ORLANS BRIEF SHOULD BE STRICKEN BECAUSE PLAINTIFF FAILS TO ESTABLISH THE POSSIBILITY OF CLAIM FOR VIOLATION OF THE MDCA AGAINST ORLANS IN SUPPORT OF HIS REQUEST FOR REMAND.**

Plaintiff's Orlans Brief does not assist the Court in determining whether Orlans is a fraudulently joined defendant for the purposes of the Plaintiff's Motion to Remand. First, the Loan is not covered by the MDCA because it was not incurred "primarily for personal, family or household purposes." Mass. Gen. Laws c. 93, § 49. Plaintiff's Orlans Brief relies on the Attorney General's Regulations and TILA, which define "debt" exactly the same as the MDCA, to argue that Loan is covered by the MDCA because "the vast majority of the amounts borrowed were used to pay off [Plaintiff's] ex-wife." Contrary to Plaintiff's argument, he borrowed

4

$376,000.00 and paid his ex-wife only $45,429.20. The fact that twelve percent (12%) of the Plaintiff's Loan proceeds may have been used for personal reasons does not equate to the debt being incurred <u>primarily</u> for personal, family or household purposes. Eighty-eight percent (88%) of the Loan proceeds relate to the refinancing of a loan secured by an investment property. Because a majority of the debt was not incurred "for personal, family or household purposes," the Loan is not a debt as defined by the MDCA, the Attorney General's Regulations or TILA.

Plaintiff's citation to *Sherlock v. Herdelin*, 2008 WL 732146 (E.D.Pa. 2008) does not support his argument that his Loan is primarily for personal, family or household purposes. In *Sherlock* the plaintiffs refinanced a mortgage securing their personal residence to pay off $284,221.09 in business debts and $72,225.76 in personal debts. *Sherlock*, 2008 WL 732146, *8. Because 1) the loan did not improve the terms of the existing loan secured by the plaintiffs' house, 2) more than half of the cash obtained from the loan proceeds paid off business debts, and 3) the plaintiffs did not explain the purpose of the remaining loan proceeds, the Court in *Sherlock* found that the loan was not primarily for personal, family or household purposes and neither TILA nor RESPA applied. *Id.* at *4-*9.

Here, unlike in *Sherlock*, the Loan is secured by an investment property. However, like *Sherlock*, only 12% of the Loan proceeds were allegedly for personal reasons and Plaintiff does not explain the purpose of the remaining Loan proceeds. Just like in *Sherlock*, this Court should find that the Plaintiff's Loan was not primarily for personal, family or household purposes. As such, Plaintiff fails to demonstrate a possibility of a claim for violation of the MDCA against Orlans, the Orlans Brief does not assist the Court in deciding Plaintiff's Motion to Remand and should be stricken.

In addition, Plaintiff has still failed to establish that Orlans was attempting to collect a debt, because filing a Servicemembers Complaint is not "prefatory to a mortgage foreclosure" as

34330430v1 0940804

Plaintiff argues. "[A] servicemember proceeding is neither a part of nor necessary to the foreclosure process…." *HSBC Bank USA, N.A. v. Matt*, 464 Mass. 193, 197 (2013). Even though foreclosure is an act to collect a debt, "the Land Court action [does] not mark the commencement of foreclosure proceedings." *Akar v. Fed. Nat. Mortg. Ass'n*, 843 F.Supp.2d 154, 168 (D. Mass. 2012). By filing a Servicemembers Complaint, LNV sought a declaration regarding Plaintiff's entitlement to the benefits of the Servicemembers Civil Relief Act and did not seek to enforce a preexisting financial obligation. *See Baer v. Harmon Law Offices, P.C.*, 2009 WL 102698, *1 (D. Mass. 2009). Thus, it is not an "action to collect a debt - at some point" as Plaintiff claims. Although Plaintiff concludes that "Courts in this District and elsewhere have routinely held that a foreclosing law firm may be liable under the FDCPA" he cites to no decisions holding a law firm liable for filing a Servicemembers Complaint.[2] Again, Plaintiff has not established a possibility of a claim for violation of the MDCA against Orlans. The Orlans Brief does not assist the Court in deciding Plaintiff's Motion to Remand and should be stricken.

Finally, Plaintiff is not entitled to recover his attorneys fees from Orlans pursuant to *M.F. Roach Co. v. Town of Provincetown*, 355 Mass. 731 (1969). Unlike the plaintiff in *M.F. Roach*, the Plaintiff in this case has not established that he is entitled to recover for the underlying claim. In *M.F. Roach*, the plaintiff proved that the defendant intentionally interfered with its contractual rights requiring the plaintiff to sue a third party before the Court awarded the plaintiff attorney's fees. *M.F. Roach Co. v. Town of Provincetown*, 355 Mass. 731, 732 (1969). Here, as set forth *supra*, the Plaintiff has no possibility of proving a violation of the MDCA against LNV or Orlans. Absent a violation of the MDCA, the Plaintiff is not entitled to recover

---

[2] The undersigned could not find any federal court decisions ruling that a law firm violated the FDCPA by filing a complaint seeking a declaration regarding entitlement to benefits of the Servicemembers Civil Relief Act.

his attorney's fees for filing a motion to dismiss the Servicemembers Complaint.[3] Moreover, the Land Court "should not have accepted or entertained" Plaintiff's motion to dismiss because he is not entitled to the benefits of the Servicemembers Civil Relief Act. *See HSBC Bank USA, N.A. v. Matt*, 464 Mass. 193, 194 (2013). Therefore, Plaintiff's argument in the Orlans Brief that he is entitled to recover his attorney's fees from Orlans does not assist the Court in deciding whether Orlans was fraudulently joined for purposes of the Plaintiff's motion to remand. For each of these reasons, Plaintiff's Orlans Brief should be stricken.

### III. PLAINTIFF PROVIDES FACTS, EXHIBITS AND A CLAIM IN THE LNV BRIEF WHICH ARE NOT ASSERTED IN THE COMPLAINT AND SHOULD BE STRICKEN.

This Court should not consider facts and claims alleged in Plaintiff's LNV Brief or exhibits attached to Plaintiff's LNV Brief which are not referenced in Plaintiff's Complaint. As Plaintiff is aware, "[i]n considering the merits of a motion to dismiss, the Court may not look beyond the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the Complaint and matters of which judicial notice can be taken."[4] *Courtney v. U.S. Bank, N.A.*, --- F.Supp.2d ----, 2013 WL 542941 (D. Mass. 2013) *citing Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D. Mass. 2000), *aff'd*, 248 F.3d 112 (1st Cir. 2000). Based on this, Plaintiff's statements and exhibits regarding alleged loan modification negotiations with LNV as well as Plaintiff's new claim of equitable estoppel set forth in Plaintiff's LNV Brief should be stricken.

In the Complaint, Plaintiff only alleges that he submitted "multiple pages of personal information, including his tax returns" and/or two loan modification applications to LNV. *See*

---

[3] Plaintiff's motion to dismiss was unsuccessful even though LNV registered with the Secretary of State because the Land Court did not dismiss LNV's Servicemembers Complaint.

[4] Plaintiff filed a motion to strike exhibits attached to Orlans Moran, PLLC's Motion to Dismiss which were not attached to the Complaint. *See* Docket Entry No. 27.

Complaint, at ¶ 18 and Exhibit F attached to the Complaint, page 5. Plaintiff's Complaint is devoid of any allegations relating to loan modification negotiations between Plaintiff and LNV. *See generally*, Complaint. As such, this Court should strike Plaintiff's LNV Brief which contains alleged facts, exhibits and a new claim which are not referenced in the Complaint.

Regardless, if the Court considers the allegations in and the exhibits attached to Plaintiff's LNV Brief, there is no factual support for Plaintiff's conclusion that Plaintiff "never would have qualified for a loan modification" because the Loan is secured by an investment property or that LNV's loan modification negotiations transform the Property from an investment property to Plaintiff's primary residence at the time the Loan was obtained. Furthermore, Plaintiff submitted a short sale offer in contradiction of his claim that because LNV negotiated a loan modification agreement he was precluded from pursuing other options to avoid foreclosure. *See* Exhibit 2 attached to Plaintiff Stergios Papadopoulos Memorandum in Support of a Preliminary Injunction. Thus, Plaintiff's new facts asserted in the LNV Brief do not prove that Plaintiff has stated claims against LNV upon which relief may be granted. Therefore, this Court should strike Plaintiff's LNV Brief.

Moreover, the Court should not consider the Plaintiff's new claim of equitable estoppel which has not been asserted in the Complaint. A complaint cannot be amended by unsworn briefing. *Surabian v. HSBC Bank USA,* 2012 WL 1035235, *2 (D. Mass. 2012). It appears that Plaintiff is claiming that LNV should be estopped from claiming that the Loan is secured by an investment property because LNV treated the Plaintiff like a consumer by negotiating a loan modification agreement. However, Plaintiff does not allege in the Complaint that LNV informed him that he was not a consumer. The Plaintiff has not provided any factual support for his claim that he would not qualify for a loan modification because the Loan is secured by an investment property. Certainly, Plaintiff has failed to allege or provide any evidence that LNV has ever

8
34330430v1 0940804

stated that a loan secured by an investment property is not eligible for a loan modification agreement. As such, Plaintiff's equitable estoppel claim is without merit. Because Plaintiff's LNV Brief does not assist the Court in deciding LNV's Motion to Dismiss, it should be stricken.

**IV.** **THE LNV BRIEF AND AVELO BRIEF SHOULD NOT BE CONSIDERED BECAUSE THEY WERE NOT TIMELY FILED.**

For the second time, Plaintiff failed to timely file pleadings in accordance with Local Rule 5.4(D) and, as a result, this Court should not consider Plaintiff's LNV Brief or Avelo Brief. Pursuant to Local Rule 5.4(D) "[a]ll electronic transmissions of documents must be completed by 6:00 p.m. to be considered timely filed that day."

Plaintiff's opposition to LNV's Motion to Dismiss was due by 6:00 p.m. on December 28, 2012, but Plaintiff did not file it until 8:45 p.m. LNV mentioned in a footnote of its Reply Memorandum in Support of its Motion to Dismiss that the Court should not consider Plaintiff's Opposition to LNV's Motion to Dismiss because it was not timely filed in accordance with Local Rule 5.4(D). Thus, Plaintiff is aware of the 6:00 p.m. deadline to file pleadings. Regardless, the Plaintiff filed the LNV Brief and Avelo Brief on February 4, 2013 after the 6:00 p.m. deadline at 11:30 p.m. Because Plaintiff failed to comply with the Court's order to file supplemental briefs by February 4, 2013, this Court should not consider Plaintiff's LNV Brief or Avelo Brief. As such, Plaintiff's LNV Brief and Avelo Brief should be stricken.

**CONCLUSION**

WHEREFORE, for the reasons set forth, the Defendant, LNV Corporation, respectfully requests that this Honorable Court Strike Plaintiff's incorrectly titled Memorandum in Support of His Opposition to Defendnt (sic) Orlans Moran, PLLC's Motion to Dismiss relating to Plaintiff's opposition to LNV's Motion to Dismiss (Docket Entry No. 36), Plaintiff's Supplemental Memorandum in Support of His Motion to Remand, and for Leave to Amend His Complaint to

9

Add Claims Against Avelo Mortgage, LLC in State Court (Docket Entry No. 37), and Plaintiff's Motion to Reconsider the Dismissal of Orlans Moran, PLLC, and to Remand These Proceedings to State Court (Docket Entry No. 38) as well as Plaintiff's Memorandum in Support (Docket Entry No. 39).

        Respectfully submitted,

        The Defendant,
        **LNV Corporation,**
        By Its Attorneys,

        */s Jennifer S. Bunce*
        Maura K. McKelvey, BBO # 600760
        Jennifer S. Bunce, BBO # 663348
        Hinshaw & Culbertson LLP
        28 State Street, 24th Floor
        Boston, MA 02109-1775
        Tel: (617) 213-7000 / Fax: (617) 213-7001
        Email: mmckelvey@hinshawlaw.com

Date: February 15, 2013         jbunce@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I, Jennifer S. Bunce, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, if any, on February 15, 2013.

        */s/ Jennifer S. Bunce*
        Jennifer S. Bunce

34330430v1 0940804