# UNITED STATES DISTRICT COURT

C.A.No.: 2012:12085

| |
|---|
| STERGIOS PAPADOPOULOS, <br>        Plaintiff, <br><br> v. <br><br> LNV CORPORATION and AVELO MORTGAGE, LLC, ORLANS MORAN, PLLC <br>        Defendants |

## STERGIOS PAPADOPULOS OMNIBUS MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO DEFENDANT LNV CORPORATION'S MOTIONS TO STRIKE

### INTRODUCTION

The Plaintiff's fundamental argument in this case is that this Court lacks Standing, as there is no diversity in this case, because Orlans Moran, PLLC, is a citizen of Massachusetts for diversity purposes. The Defendants now seek to distract the Court from this fundamental question, by seeking to strike various portions of the Plaintiff's Supplemental memoranda, submitted to the Court, per its request in open Court, at the Parties first status conference in the within case.

Because, the Plaintiff must satisfy such an exceptionally low burden in order to justify remand, this Court should consider whether a cause of action necessary to defeat jurisdiction exists, if not explicitly within the Plaintiff's Complaint, then implicitly, between its lines. To some extent, the issues in this case are a referendum on the Supreme Court's 2007 holding in *Twombly*, and the Massachusetts State Supreme Judicial Court's corresponding holding in *Iannachino*, and how the relatively new "plausible entitlement to relief" standard, and a Plaintiff's attendant entitlement to amend to avoid a "technical" dismissal, when an equitable basis for relief exists, stacks up against the different, and more difficult burden a Defendant must face when seeking to defeat a motion to remand on a fraudulent

joinder basis.

Rightfully, when it is at this juncture unclear whether this case will be remanded, what Defendants may remain in the case, and what portion of the Plaintiff's Complaint stands to survive the Defendant's Motion to Dismiss with respect to any of the three defendants, the Plaintiff seeks guidance from this Court before blindly amending his complaint to focus his amendments on the right Court, the right Defendants, and the Right law. This Court should not strike Plaintiff's supplemental memoranda, and should instead consider the same, and issue a decision remanding this case.

## PROCEDURAL HISTORY

On or around January 28th, 2013, the parties appeared before the Court, for an, as docketed, "Initial Scheduling Conference," at which the issue of remand, and the defendants' motions to dismiss were discussed; the Court acknowledging that it had not had the opportunity to completely review the file in depth.

During that hearing, the parties discussed several subjects, including, specifically, the liability of Orlans Moran, PLLC (herein, "Orlans") under the Massachusetts Debt Collection Practices Act (herein the "MDCA") and alternate theories of liability under which Orlans might be responsible for the Plaintiff's attorney's fees in connection with a Land Court filing Orlans initiated at a time when the Defendant, LNV Corporation (herein, "LNV") did not have standing to avail itself of the advantages of the Massachusetts Land Court.

The Court also questioned the Plaintiff's counsel on the Plaintiff's G.L.c. 183C ("Massachusetts Predatory Home Loan Practices Act" or "MPHLPA") theories, and alternate bases for LNV Corporation's liability.

Finally, there was some discussion were several alternate theories of liability under which Avelo Mortgage, LLC (herein, "Avelo") could be liable to the Plaintiff.

At the conclusion of the Hearing, the Court said it would give the Plaintiff a week to, "submit

2

whatever you want." Plaintiff's counsel specifically requested the Court's consent to hear a motion reconsider the Court's preliminary order dismissing Orlans. The Court did consent.

## ARGUMENT

(I) THE PLAINTIFF APPROPRIATELY PROVIDED MATERIALS GERMANE TO THE CASE IN CHIEF, PURSUANT TO A REQUEST FROM THE COURT

The gravamen of the Defendant's Motion to Strike the Plaintiff's various factual submissions, and claims, is that the Plaintiff submitted a variety of materials to the Court, following the Court's exhortation that the parties submit, "whatever [they] want." The Defendant argues that the materials submitted were not attached to the original complaint, which is all the Court may consider in a removal motion.

However, given the complex procedural posture of this case, the Court's request was sensible.

Specifically, assuming the Court were to determine that the Plaintiff had no colorable claim, of any kind, against any Defendant, it would be within its rights to dismiss the Complaint in its entirety, since a claim with no possibility of success against any party would, necessarily, countenance the fraudulent joinder of both Avelo, and Orlans.

Conversely, however, because of the serious proscriptions against allowing a case with any hope of legal or factual success against an allegedly "fraudulently joined" defendant to proceed in the Federal District Court, after removal has been challenged on diversity grounds, the Court would be forced to deprive itself of *any* jurisdiction, if the Plaintiff did, in fact, have *any* colorable claim against either Avelo, or Orlans. ("[T]he point of § 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance," see *Cunningham et als. v. BHP Peteroleum Great Brittain, PLC*, 414 F.3d 1169 (2005) vacating every single District Court Order entered post removal application).

Just recently, the First Circuit has made plain that it is appropriate, for the most part, for a Federal District Court to allow a Plaintiff an opportunity to amend his or her claims, short of dismissal

3

on the merits, where a plausible claim may exist, see *Juárez v. Select Portfolio Servicing, Inc., et al.* (Lawyers Weekly No. 01-043-13) (Torruella, J.) (1st Circuit) agreeing that, "a second amendment should be allowed []... to give plaintiffs a final opportunity to file a sufficient complaint," and that allowing amendment was in accord with both Fed. R. Civ. P 8(e) which explains that, 'pleadings [should] be construed as to do justice,' and with Fed. R. Civ. P. 15(a), which 'reflects a liberal amendment policy;' citing: *Pruell v. Caritas Christi,* 678 F.3d 10, 15 (1st Cir. 2012).

Notwithstanding the substantive wisdom of allowing a Federal District Court reviewing a remand motion the opportunity to further evaluate the case, the Court's request for "anything [you] want" was procedurally appropriate. "There are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry," see: *Smallwood v. Ill. Cent.*, R.R. Co., 385 F.3d 568, 573 (5th Cir. Miss. 2004).

Such an inquiry is all the more provident in light of recent, amendments to the Standard applicable to a Motion to Dismiss, see, e.g. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) "[w]hat is required at the pleading stage are factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief." What this means, practically speaking, is that a Complaint is more likely to be dismissed on motion, due to technical errors, or drafting mistakes, in the Complaint itself. For this reason, it is all the more appropriate for a Court desiring to "construe[] pleadings as to do justice," (see *Pruell* supra.) to permit a Plaintiff to amend his or her complaint, where it appears that some entitlement to relief does exist, *c.f. Michael Anthony Associates, Inc. v. Next Jump Inc.*, 2012 Mass.App.Div. 38, 41 (2012)[1]; *Buchler v. United States*, 384 F. Supp. 709, 714 (E.D. Cal. 1974).

If Justice is the aim, it makes little sense for a Plaintiff to amend his Complaint, without first having the opportunity to review written findings on a Motion to Dismiss.

---

1  Massachusetts amended its pleading requirements to conform to the revised standard set forth in *Twombly*, in *Iannacchino v. Ford Motor Co.*, 451 Mass. 623 , 636 (2008).

The Supreme Court's ruling in *Bell Atlantic v. Twombly*, taken together with the First Circuit's recent holding in, *Juárez v. Select Portfolio Servicing, Inc.,* suggests a more academic approach towards pleading, where the Court works together with the Parties both to make sure only actionable claims survive dismissal, but that, also, those claims that are actionable, whether asserted at first blush or not, proceed to trial. A Plaintiff amending his Complaint, of course, may include any kind of evidence as an exhibit in an amended pleading.

Under this revised standard, a Court considering a remand motion may, appropriately, exercise its discretion to review matters outside the pleadings, see *Smallwood*.

Given the foregoing, the Court was well within its rights to request additional, substantive, materials, and the Plaintiff was well within his rights to supply them. Accordingly, the Defendant's Motion to Strike the additional materials submitted by the Plaintiff must be DENIED.

(II)  THE DEFENDANT'S CITATION TO RECENTLY DECIDED LAW IS INAPPOSITE, IF IT BEARS ANY RELEVANCE TO THE PLAINTIFF'S DEBT COLLECTION CLAIMS AT ALL.

The Plaintiff can only conclude that counsel for the Defendant felt compelled to disclose the recently decided *HSBC Bank, N.A. v. Matt*, to this Court as a matter of professional obligation, and has struggled to make the best of an unfavorable ruling, *see* 464 Mass. 193, 197 (2013). The Decision in *HSBC Bank, N.A. v. Matt* Supports the Plaintiff's Claim that this Case Must Be Remanded, if it is relevant to the within case at all.

The Defendant in *Matt* filed a motion to dismiss the Plaintiff's complaint, on the grounds that, at the time the HSBC, N.A. initiated the Servicemember's case giving rise to the Opinion, it was not yet the assignee of the Defendant, Matt's mortgage. The SJC reversed the Land Court, explaining that, "Going forward, to establish standing in servicemember proceedings, plaintiffs must present such evidence as may be necessary and appropriate in the circumstances reasonably to satisfy the judge as to their status as mortgagees or agents thereof." see *Id*. at 204.

Tangentially related, the Plaintiff compelled the Defendant in this case to register with the

Secretary of State, because, having failed to register, LNV Corporation did not have standing to bring the Servicemember's case. Judge Schier's decision, therefore, was in accord with the SJC's decision in *Matt*.

However, standing is only ancillary to the penultimate question this Court must answer, en route to remanding these proceedings to the State Court: whether a Servicemember's case is prefatory to a foreclosure. It is, after all *res judicata*, that the Defendant LNV Corporation did not actually have standing, at the time it initiated the Servicemember's case giving rise to the Plaintiff's claims against Orlans.

Although the SJC explains, in dicta, that the Servicemember's proceeding "is not part of the foreclosure process," it says this to make plain that establishing standing in a Servicemember's case, where the borrower almost always defaults, "does not itself in any way establish the purported mortgagee's status as such in [a] separate action" see *Id.* at 204 (both quotations). This little piece of dicta, designed to preserve the rights of borrowers to challenge a foreclosure, has nothing to do with whether or not a Servicemember's case is "debt collection activity," within the meaning of the Massachusetts Laws and Regulations.

In truth, *HSBC, N.A. v. Matt* has little bearing on this case.

A case, noted by the Defendant, which has a little bit more bearing on the case is *Akar v. Fed Nat. Mort. Ass'n*, 843 F.Supp.2d 154 (D.Mass 2012) although not for the reasons claimed by the Defendant. Specifically, in *Akar*, the Court determined that Harmon Law Offices, P.C., a firm focused on processing foreclosures for large national banks, could be liable under the Federal cognate of the MDCA, the Fair Debt Collection Practices Act, describing the claim as follows: "[t]he essence of the plaintiffs' claim under the FDCPA is that Harmon's communications to Akar regarding Wells Fargo's intent to foreclose on the mortgage violated the statute because they occurred prior to the assignment of the mortgage to Wells Fargo and misrepresented the identity of the mortgage holder." In essence,

6

Harmon Law, P.C., in *Akar*, made a communication when the mortgagee lacked <u>standing</u> to foreclose. It initiated a legal claim it had no right to initiate: exactly the claim in this case.

The claim (one of Akar's few claims) which survived the Motion to Dismiss, is ostensibly the same claim brought by the Plaintiff in this case: Orlans claimed that LNV, which did not have standing to bring the Servicemember's case, had standing. This portion of the *Akar* Court's decision is amply supported by the decision in *Matt*, <u>supra</u>.

While, the Defendant notes that the Plaintiff has not been able to find any decisions related to the MDCA, or the FDCPA (and in a footnote, states that, the Defendant itself has not been able to find any such cases) the dearth of law on point actually <u>supports</u> remand to the Superior Court, since, "[i]n deciding whether there is a "reasonable basis in law and fact" for the claim, the Court must resolve [...] **any ambiguities in the current controlling substantive law in plaintiff's favor**," *Phillips v. Medtronic, Inc.*, 754 F. Supp. 2d 211, 215 (D. Mass. 2010).

<u>CONCLUSION</u>

Because the Court properly requested, and the Plaintiff properly supplied, the additional materials produced in connection with the Plaintiff's supplemental pleadings, and because the case law provided by the Defendant in support of its various Motions to Strike is irrelevant, if not directly inapposite, the Defendant's Motions to Strike should, and must be, DENIED.

    Respectfully Submitted
    The Plaintiff
    By his Attorney,

    /S/ Jonas A. Jacobson                        March 1st, 2013
    _____
    Jonas A. Jacobson (BBO: 676581)
    Law Offices of Jonas Jacobson
    872 Massachusetts Ave., Unit 1-6
    Cambridge, MA 02139
    (p) 617.230.2779
    (f) 617.849.5547
    jonas@jonasjacobson.com