```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


STERGIOS PAPADOPULOS,                )
                                     )
        Plaintiff,                   )
                                     )
                                     )     CIVIL ACTION NO.
    v.                               )     12-12085-DPW
                                     )
LNV CORPORATION, AVELO MORTGAGE,     )
LLC, and ORLANS MORAN PLLC           )
                                     )
        Defendants.                  )
```

MEMORANDUM
September 30, 2013

This case was removed here from state court. The plaintiff seeks relief from what he characterizes as a predatory loan, which he says the defendant to whom it was assigned has declined to renegotiate. I find that the plaintiff and his claims stumble at the threshold because he cannot plausibly plead that the loan - which was secured by what the plaintiff's application papers represented to be investment property - was predatory, or primarily for personal, family or household purposes. Without reciting in detail in this Memorandum all the related grounds for dismissal, I conclude that plaintiff fails to state a claim upon which relief may be granted.

The named defendants are the current assignee of the mortgage and loan, LNV Corporation; a firm of attorneys, Orlans Moran PLLC, engaged by LNV to file a Servicemembers Civil Relief

Act complaint - presumably as a prelude to LNV's foreclosure of plaintiff's mortgage; and Avelo Mortgage, LLC to whom the mortgage was originally granted.

At an initial scheduling conference on January 30, 2013, I dismissed the claims as to Orlans Moran. I solicited further briefing while I took the plaintiff's motion to remand the case to state court under advisement. The motion to remand was opposed on grounds that the named non-diverse parties, Orlans Moran and Avelo, were in fact fraudulently joined and consequently could not defeat removal in the face of actual diversity between the plaintiff and LNV.

I now conclude that the plaintiff can assert no viable claim against Avelo. Consequently, after dismissing the claims against Avelo and denying plaintiff's motion for reconsideration of the dismissal of Orlans Moran, I will deny the motion to remand.

Turning to the motion to dismiss presented by the remaining defendant, LNV, I conclude the several claims alleged against LNV do not state claims upon which relief may be granted. On the basis of the complaint before me, including the documents fairly referenced in the complaint, I will dismiss the case against LNV as well.

The claims against Avelo, for which no return of service has been filed in this matter despite the passage of over 120 days after the case was removed to this court (not to mention since

the complaint was filed in the Massachusetts Superior Court), are subject to dismissal in accordance with Fed. R. Civ. P. 4(m) and Local Rule 4.1.  I note, however, that the parties of record do not dispute that service has in fact been made on Avelo and I do not base dismissal on grounds of failure to file a certificate of service.  More fundamentally, I find the record clear and convincing that Avelo is not a proper party in this case since any conceivable claim against it is subject to a statute of limitations defense.  The plaintiff's belated suggestion of some unconscionability claim is unfounded and was never asserted in the complaint filed in the state court by Plaintiffs.  The continued joinder of Avelo is a groundless and improper tactic contrived in an effort to destroy federal diversity jurisdiction; it will not support remand.

Orlans Moran, even if not a diverse party because a firm member may be a Massachusetts citizen, must be dismissed from the case because the law firm's actions on behalf of LNV are not actionable.  The firm was not engaged in activity covered by the Massachusetts Debt Collection Practices Act, Mass. Gen. L. ch. 93, § 49, ("MDCPA"), since the Servicemembers Civil Relief Act complaint did not by terms seek to enforce a financial obligation.  Moreover, the related loan obligation was not incurred primarily for personal family or household purposes, a predicate for application of the MDCPA.  The record is clear and

convincing that Orlans Moran also is not a proper party to this litigation.

As to the foundational claims against LNV, they look for support in the proposition that the loan, secured by the mortgage LNV was assigned, was predatory.  The short and sufficient answer to that proposition is that the loan is not a "high cost home mortgage loan" entitled to protections of Mass. Gen. L. ch. 183C, the Massachusetts Predatory Home Loan Practices Act, because it was not represented as taken out to secure the borrower's principal dwelling.  The plaintiff represented that the property was investment property in his loan application.  His unrepresented choice to live in the property does not transform the purpose for which the loan was extended.

It further appears that the loan does not fall within the scope of ch. 183C because under any reasonable calculation of the charges, neither the annual interest percentage rate nor the total points and fees are so high as to draw the loan into the statute's ambit.  And because, as noted, the predominant and stated purpose of the loan when taken out was to finance investment property, the MDCPA, is inapplicable.  Any incidental payments to a family member do not make the loan one primarily for personal, family or household purposes.

The claims regarding origination of the loan, even if they could be assimilated to LNV, would not support a Chapter 93A

claim because the four year statute of limitations for that claim has run.

There is no occasion to remand this case to state court. Rather the case must be dismissed for failure to state a claim upon which relief may be granted.  The Clerk is directed to enter a judgment of dismissal in accordance with this Memorandum.

                                        */s/ Douglas P. Woodlock*
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE